## Joseph Comorouski, by Mike Comorouski, Appellee, v. Spring Valley Coal Company, Appellant.

### Gen. No. 6,084.   (Not to be reported in full.)

Appeal from the Circuit Court of Bureau county; the Hon. JOE A. DAVIS, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed November 9, 1916. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Joseph Comorouski, by Mike Comorouski, his next friend, plaintiff, against Spring Valley Coal Company, defendant, to recover damages for personal injuries sustained by plaintiff in defendant's coal mine. From a judgment for plaintiff for $1,600, defendant appeals.

Plaintiff was driver of a car hauled by a mule through an entryway in the long wall system of mining of defendant. The mule became obstreperous and was backing against plaintiff, who, to avoid being crushed against his moving car, jumped off on one side and struck a rock which caused him to slip and fall in front of the car so that the car ran over his limb and broke it. It was charged in the declaration that defendant had rejected the Workmen's Compensation Act.

McDOUGALL, CHAPMAN & BAYNE, for appellant; MASTIN & SHERLOCK and JOSEF T. SKINNER, of counsel.

J. P. LAWSON and J. L. MURPHY, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

## Abstract of the Decision.

1. JURY, § 80*—*when question asked juror on voir dire is proper ground for peremptory challenge.* Where a juror was asked on *voir dire* if he would give plaintiff all the damages he was entitled to under the law and the evidence in case the jury found the defendant guilty and that plaintiff was entitled to damages, *held* that the question was competent and allowable as ground for a peremptory challenge.

2. JURY, § 53*—*when answer of juror on voir dire shows his competency.* An answer of a witness to a question, if he would give plaintiff all the damages he was entitled to under the law and the evidence in the case, in case the jury found the defendant guilty and that plaintiff was entitled to damages, that he would go according to his own judgment on the evidence and the law, shows his competency.

3. MINES AND MINERALS, § 176*—*when evidence sufficient to show unlawful accumulation of refuse.* The preponderance of the evidence *held* to show that refuse was allowed to accumulate on both sides of the haulage road in defendant's coal mine in violation of the statute (J. & A. ¶ 7489), and as charged in the declaration, in an action by a mine employee to recover damages for personal injuries charged to have been sustained by reason of such refuse.

4. EVIDENCE, § 365*—*when opinions of experts are not competent.* The opinions of expert witnesses are not competent evidence as to actual conditions, and their safety, which are matters of common observation.

5. INSTRUCTIONS, § 87*—*when instruction on preponderance of evidence is proper.* An instruction as to the sufficiency of a slight preponderance of evidence is proper.

6. INSTRUCTIONS, § 111*—*when instruction applicable to one count only of declaration is not erroneous.* An instruction which is applicable to one count, only, of a declaration is not erroneous because it does not refer to that fact.

7. MINES AND MINERALS, § 191*—*when instruction on liability of mine owner is not erroneous.* In an action against a mine owner by an employee for damages for personal injuries, an instruction setting out the particular provisions of the statute charged in the declaration to have been violated, and stating that if the defendant failed to comply with such provisions and such violation caused plaintiff's injury the jury should find defendant guilty, not approved but *held* not erroneous.

8. INSTRUCTIONS, § 20*—*when requested cautionary instruction properly refused.* A requested instruction cautioned the jury to ex-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ercise their individual judgment and conscience, *held* that its refusal was not erroneous as it tended to induce some jurors to neglect to confer and consider arguments of cojurors.

9. INSTRUCTIONS, § 151*—*when requested instruction properly refused.* Refusal to give instruction as to matters sufficiently set out in other given instructions is not error.

10. MINES AND MINERALS, § 194*—*when refusal of instruction in action for injuries to mine employee is not erroneous.* An instruction that the court was not intimating that a dangerous condition existed in defendant's coal mine, *held* permissible but refusal to give same not error under circumstances of the case, in an action by an employee to recover damages for personal injuries sustained in such mine.

11. MINES AND MINERALS, § 194*—*when refusal of instruction as to nonliability of owner if mine examiner did not consider mine unsafe proper.* An instruction that if the mine examiner did not consider a certain condition in the mine dangerous the plaintiff could not recover, *held* erroneous and properly refused, in an action by a mine employee to recover damages for personal injuries sustained in defendant's mine.

12. INSTRUCTIONS, § 20*—*refusal of cautionary as not error.* Cautionary instructions *held* permissible, but refusal to give same not error.

13. INSTRUCTIONS, § 138*—*when requested instruction is properly refused.* An instruction as to what was not the law as to a matter not material to the questions in controversy, *held* properly refused.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.